## AMERICAN REFINING CO. v. STAPLES, Secretary of State, et al. (No. 633–4152.) *

(Commission of Appeals of Texas, Section A. March 11, 1925.)

**1. Taxation ⊜⟶398—Statute imposing "franchise tax" to be construed so as to impose equitable tax on foreign no par stock corporation.**

Rev. St. art. 7394, should be so construed that franchise tax on foreign no par value stock corporations will be equitable in relation to tax imposed on other corporations considering amount of business transacted in state; a "franchise tax". being a tax paid by corporation for privilege of using its capital to transact business in state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Franchise Tax.]

**2. Taxation ⊜⟶397—Franchise tax of foreign no par value stock corporation measured by gross assets; "authorized capital stock."**

Franchise tax of foreign no par value stock corporation, under Rev. St. art. 7394, providing for tax measured by "authorized capital stock," should be measured by that portion of the gross assets which the gross receipts of the Texas business bear to entire gross receipts of corporation, thus making basis for franchise tax actual capital used in state.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Authorized Capital.]

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the American Refining Company against S. L. Staples, Secretary of State, and others. Judgment for defendants was affirmed by Court of Civil Appeals (260 S. W. 614), and plaintiff brings error. Affirmed.

Weeks, Morrow & Francis, of Wichita Falls, for plaintiff in error.

Dan Moody, Atty. Gen., W. A. Keeling, former Atty. Gen., Wright Morrow, First Asst. Atty. Gen., and Walace Hawkins, former Asst. Atty. Gen., for defendants in error.

CHAPMAN, J. Plaintiff in error, American Refining Company, was incorporated as a no par value stock corporation under the laws of the state of Deleware, with authority to issue 100,000 shares of stock. Fifty thousand of these shares were issued and the corporation received in payment therefor certain physical properties situated near Wichita Falls, Tex., consisting of a 5,000-barrel capacity refinery, certain pipe lines, pumping stations, tank cars, producing oil and gas leases, and nonproducing leases, of the aggregate value of $3,446,443.56. At the time this property was transferred to the corporation, it assumed an outstanding mortgage of $322,491.38, and certain outstanding accounts in the sum of $131,327.49, making

a total amount assumed of $453,728.87. The corporation was granted a permit to do business in Texas, and used the above-described property for the purpose of engaging in the business of producing, refining, marketing, and distributing crude oil, petroleum, and all of its products. The gross receipts from its entire business for the year ending June 29, 1922, was $1,923,390.44, and the total gross receipts from the business done within the state of Texas was $453,953.21. The total gross receipts of said corporation for its entire business for the calendar year ending December 31, 1922, amounted to $2,224,658.23, and the total gross receipts from business done within the state of Texas for said year amounted to $692,816.42. Plaintiff in error paid its Texas franchise tax calculated upon the basis that its net assets should be considered as its "capital stock," as that term is used in article 7394 of the Revised Civil Statutes. Defendant in error claimed that plaintiff in error should pay a franchise tax based upon its gross assets as its capital stock, as the term "capital stock" is used in said article 7394, and upon the failure of plaintiff in error to pay the franchise tax upon the basis contended for by defendant in error, defendant in error threatened to cancel the permit of plaintiff in error to do business in Texas. Plaintiff in error brought suit in the district court, asking for an injunction restraining defendant in error from canceling its permit to do business in Texas, which injunction was denied by the district court, and the action of the district court was affirmed by the Court of Civil Appeals at Austin. 260 S. W. 614.

[1] In affirming the action of the district court, the Court of Civil Appeals held that the contention of neither plaintiff in error nor defendant in error was correct, but held that the term "authorized capital stock," as applied to no par value stock corporations as that term is employed in said article 7394, is the amount of money or the value of the property, services, or labor which the corporation receives or agrees to receive for so much of its capital stock as has been issued, subscribed, or offered for sale, to which should be added in case of authorized stock not issued, subscribed, or offered for sale, the amount necessary to be added to the corporation capital in order to make such authorized capital stock equal in par value to the par value of the capital stock which has been issued, subscribed, or offered for sale. The article of the statutes above referred to was clearly not intended to apply to no par value stock corporations, and its terms obviously are very inadequate when it is attempted to make them apply to such corporations. It is admitted that corporations such as plaintiff in error should pay a

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied April 15, 1925.

franchise tax. Then it seems to us, in view of the inadequacy of the law as to franchise tax applied to no par value stock corporations, that such construction should be placed on the statute as that the franchise tax collected from such corporations as plaintiff in error will be equitable as compared to franchise tax paid by other corporations, and with this end in view we will discuss each of the three methods; that is, the method contended for by plaintiff in error, that contended for by defendant in error, and that held by the Court of Civil Appeals to be the correct basis.

We understand a franchise tax to be, as applied to a foreign corporation, a tax paid by such corporation for the privilege of using its capital to transact business in this state. And this, taken in connection with the provisions of article 7394, which provides that the capital stock of such corporation upon which the franchise tax is based shall be that portion of the entire authorized capital stock as the gross receipts from the business of such corporation, done within the state of Texas, bears to the total gross receipts of such corporation from its entire business, would indicate that it was the intention of the Legislature that in collecting the franchise tax, the amount of business transacted by the corporation in this state should be taken into consideration.

We think the basis adopted by the Court of Civil Appeals would be inequitable for the reason that as we understand the provisions of the charter of a no par value stock corporation, the corporation could have issued the whole of the 100,000 authorized shares for the property conveyed to it, and such basis would require the corporation to pay double the franchise tax that it would have had to pay if it had simply issued the 100,000 shares instead of the 50,000 shares in payment for said property. Also, as we understand it, the corporation could have issued 25,000 shares, or any other number of shares not less than 10, in payment for the property conveyed to it by the owner of the property, and this we think clearly demonstrates that the basis suggested by the Court of Civil Appeals could not be sufficiently substantial and fixed that it could be adopted as a proper basis upon which such corporation should pay its franchise tax.

We do not think that the basis contended for by plaintiff in error would be equitable, for the reason that, as we understand it, the corporation could have issued the 50,000 shares of stock in payment for the property conveyed to it by the owner, although the property had been incumbered to almost its actual value, and in this event the corporation, under the basis contended for by it, would have practically no capital stock, and would pay practically no franchise tax, when they could continue to use the more than $3,000,000 worth of properties for the purpose of carrying on their business in Texas, and doing business as they did amounting to more than $2,000,000 annually. It seems to us that by adopting the basis contended for by plaintiff in error, any no par value stock corporation could avoid paying the franchise tax simply by keeping its physical properties practically covered by indebtedness, and this would be inequitable to the state, and would also be inequitable as compared to the franchise tax to be paid by par value stock corporations. If plaintiff in error had been a par value stock corporation, with an authorized capital stock equal to the amount of its gross assets, it would have had to pay a franchise tax on its authorized capital stock, regardless of its indebtedness, and thus will be seen how much out of proportion a no par value stock corporation would have to pay as franchise tax compared to that paid by a par value stock corporation for the same purpose, on the basis contended for by plaintiff in error.

[2] It seems to us, in the absence of a special statute applicable to no par value stock corporations, that the most equitable interpretation of article 7394 in so far as it may be made to apply to such corporations is that a no par value stock corporation should pay its Texas franchise tax based upon the total gross assets; that is, the gross assets of such corporation, the total gross receipts of such corporation from all its business, and the total gross receipts from the business of such corporation done in Texas during the times specified in said article 7394 shall be ascertained; and the gross assets of such corporation upon which the Texas franchise tax should be based is that portion of the entire gross assets as the gross receipts from the Texas business of such corporation done within the state of Texas bears to the total gross receipts of such corporation from its entire business and the gross assets assignable to the Texas business and upon which the fees provided for in article 7394 are to be calculated and based; being thus ascertained the tax should be computed on the schedule provided in said article. By the use of this basis the corporation must pay its franchise tax upon that capital which it actually uses in the conduct of its business and is prevented from doing a large volume of business in Texas without paying adequate franchise tax, and the state is prevented from collecting a franchise tax, under the plan suggested by the Court of Civil Appeals, upon capital that is not actually paid in, and that is not used by the corporation in its business.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.