INVESTMENT SECURITIES COMPANY OF TEXAS V. MRS. EMMA G. MEHARG, SECRETARY OF STATE.

No. 4388.   Decided April 29, 1926.

(282 S. W., 802).

Franchise Tax—Corporation—Par and No-par Value Stock.

Under Article 7085, Rev. Stats., 1925 (Art. 7394, Rev. Stats., 1911) the franchise tax on a corporation created by another state but doing

business in Texas only and having both par value and no-par value stock, should be computed on the basis of its total gross assets, not on that of its authorized capital stock, surplus and undivided profits. (Pp. 443-446).

Original proceeding brought in the Supreme Court by the Securities Investment Co. to obtain writ of mandamus against Mrs. Meharg as Secretary of State.

The Supreme Court referred petitioner's application to the Commission of Appeals, Section B, for its opinion and advice thereon, and here renders judgment, as recommended by that body, refusing to grant the writ.

*Coke & Coke,* for relator.

The only difference between the corporation having shares of par value and one having no fixed value is, that the law imposes the obligation on the corporation having shares with a par value, to the end that it shall receive that very value which the corporation has placed upon the shares, namely, par, whereas, if there is no fixed value the corporation may sell the stock for what value it pleases, but, except for this, the value so received performs exactly the same function. Consequently, it is submitted that non par value shares should be valued as nearly as possible in accordance with the manner used in valuing shares of fixed or par value, both kinds of stock being essentially the same. We respectfully refer the Court to the case of Staples v. Kirby Petroleum Company, 250 S. W., 293; American Ref. Co. v. Staples, 260 S. W., 614.

*Dan Moody,* Attorney-General, and *George E. Christian,* Assistant, for respondent.

We have no special statute applicable to the franchise tax to be paid by foreign corporations operating in Texas in those cases where such corporations have a capital stock consisting in part of no par value and in part of par value shares. We must, therefore, look to Article 7394, as interpreted in the case of American Refining Company v. Staples, 269 S. W., 420, in order to find the basis for levying a franchise tax on such corporations. The basis of levying the franchise tax will necessarily be the total gross assets of the corporation.

MR. JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

This suit involves the proper construction of Article 7085, Title 122, Chapter 3, of the Revised Civil Statutes of 1925, which was Article 7394 of the previous statutes, prescribing franchise taxes to be paid by foreign corporations, and is a mandamus proceeding in which the precise question presented by the petition of the relator is:

"What is the proper basis for a franchise tax on a foreign corporation doing all of its business in this State, part of whose authorized capital stock has a par or nominal value and part having no fixed value?"

The relator contends that the proper answer to this question is:

"The basis for the tax is the *entire* authorized capital stock, surplus and undivided profits of such corporation; that the shares which have a fixed or par value should be valued as such shares are ordinarily valued for the purpose of the franchise tax, namely, by multiplying the number of such shares authorized by the par value; and that shares which have no fixed value should be valued according to what value the corporation has actually received for them, except that, where some of such shares have not yet been issued, such unissued shares should be taken to have the same value as those issued."

The respondent has refused to accept the amount of the tax upon this basis for the reason that the total gross assets of said corporation is greater than the valuation upon this basis and the sum tendered is insufficient to pay the franchise taxes, claiming that these taxes should be based on the total gross assets of the corporation, which is shown to be something more than double the valuation used as a basis for the estimation of the franchise tax by the relator.. And, so, if the relator has tendered the correct amount of tax due by it under said Article, the writ should be awarded; otherwise, it should not be. This statute was concededly passed with particular reference to par value stock corporations, and the only difficulty in applying it to a corporation like that of the relator arises out of this fact: The relator was chartered under the laws of Delaware, but does business exclusively in Texas, having no assets other than in this State, the amount of such gross assets being $692,272.04; while the relator claims that its only taxable assets are its stock which it values at $300,000.00, there being no surplus or undivided profits. The relator arrives at this valuation by multiplying its 2,500 shares of preferred stock by its

par value of $100.00 per share and adding thereto the result of a multiplication of 5,000 shares of common stock of no par value at $10.00 per share, some of which had been issued for $10.00 per share and the remainder offered at that price, aggregating $300,000.00.

In the case of the American Refining Company v. Staples, 269 S. W., 420, Section A of the Commission of Appeals, in an opinion which was adopted by the Supreme Court, in construing this Article in so far as it applied to corporations having no par value stock, held that the franchise tax should be based on the total gross assets of the corporation. At the time this Article was enacted, no non-par value stock corporations were known in Texas, and in the use of the term "authorized capital stock, surplus and undivided profits" it would appear that the Legislature intended to include all of the assets of par value corporations. Thus, the franchise tax levied on such corporations was to have for its basis the total gross assets employed by the corporation in the transaction of its business in Texas, and the measure of such assets was fixed by the Legislature as the authorized capital stock, surplus and undivided profits. No difficulty is presented in those cases where corporations have capital stock of par value, and under the authority of the American Refining Company v. Staples, supra, no difficulty is now presented in those cases of corporations all whose capital stock is of no par value. In determining the basis of the franchise tax in cases of corporations having both no par value stock and par value stock, in all cases of foreign corporations operating in Texas the total gross assets of the corporation (all such being exclusively within the State) furnish a basis for the computation of the tax. In the case of corporations having only par value stock, the Legislature has said that all the gross assets of the corporation shall consist of the authorized capital stock, surplus and undivided profits. And, in the case of corporations having stock of no par value, it has been determined in the absence of a special statute applicable to no par value stock corporations that the above Article in so far as it may apply to such corporations must be equitably interpreted to provide for the payment of a franchise tax based upon the total gross assets of the corporation. In determining what are the gross assets of a corporation of the character mentioned, if we could eliminate the term "no par value stock," the total gross assets of the corporation would be its authorized capital stock having par

value, its surplus and undivided profits. If we could eliminate the term "having par value" and consider alone the no par value stock, then its total gross assets would be the par value of all the assets employed in its business. In the case of American Refining Company v. Staples, 269 S. W., 420, the court said:

"We think the basis adopted by the Court of Civil Appeals (referring to the same case, 260 S. W., 614) would be inequitable, for the reason that, as we understand the provisions of the charter of a no par value stock corporation, the corporation could have issued the whole of the 100,000 authorized shares for the property conveyed to it, and such basis would require the corporation to pay double the franchise tax that it would have had to pay if it had simply issued the 100,000 shares instead of the 50,000 shares in payment of said properties. Also, as we understand it, the corporation could have issued 25,000 or any number of shares not less than 10 in payment of the properties conveyed to it by the owners of the property, and this, we think, clearly demonstrates that the basis of the Court of Civil Appeals could not be substantial and fixed, and that it could not be adopted as a proper basis upon which such corporation should pay its franchise tax."

The legislation with reference to no par value stock corporations with full paid and non-assessable shares in the different states of the Union is set forth at some length in the opinion of Chief Justice McClendon in the case of American Refining Company v. Staples, Secretary of State, 260 S. W., 614, and some of the decisions of some of the States hearing upon this subject are discussed by him, which statement and discussion are illuminating, but the length of which precludes its inclusion in this opinion, though it must be remembered that the conclusion reached by the Chief Justice has not been followed 'in the case of Refining Company v. Staples, supra. By using the basis of computing the tax laid down in the case last mentioned, the corporation must pay its franchise tax upon that capital which it has actually used in the conduct of its business. The purpose of the law is to determine the gross assets of the corporation in order that the franchise tax may be based thereon, and in the absence of a special statute applicable to corporations, a part of whose stock is of no par value and a part of par value, the equitable interpretation of the law applied by the Supreme Court in the case of American Refining Company v. Staples, supra, in so far as it applies to no par value stock

corporations is applicable to this case, from which it follows that a corporation, a part of whose stock has no par value and a part par value, should pay its Texas franchise tax based on the total gross assets, all of which it appears is used exclusively by the relator in its Texas business, it appearing that it conducts no business in any other State.

It being our opinion that the relator has not tendered to the respondent a sufficient amount to cover the franchise tax due by it at the time the same was tendered, we recommend that the writ be denied.

Opinion of the Commission of Appeals adopted and mandamus refused.                                        *C. M. Cureton*, Chief Justice.